**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | No. IP 03-199-CR-B/F |
| | ) | 1:05-cv-521-SEB-VSS |
| PETER BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

Peter Brown ("Brown") was charged with two counts of being a felon in possession of a firearm and possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). His pre-trial motion to suppress evidence seized from his apartment at the time of his arrest was denied. Brown was found guilty of each charge after trial by jury, and was sentenced on July 9, 2004.

Brown appealed his conviction and sentence. In that appeal, Brown's counsel moved to withdraw, stating that he could discern no non-frivolous issues, and submitted an *Anders v. California,* 386 U.S. 738 (1967), brief. The motion of Brown's counsel to withdraw was granted and, finding no issues of merit, the Seventh Circuit dismissed Brown's appeal. *See United States v. Brown,* 2005 WL 130176 (7th Cir. Jan. 14, 2005).

The present motion for relief pursuant to 28 U.S.C. § 2255 followed. All Fourth Amendment issues associated with the search of Brown's apartment, however, were properly resolved in the course of the suppression hearing before trial and were thereafter placed before the Court of Appeals in the *Anders* brief and through Brown's suggestion of additional issues. No Fourth Amendment challenge to the seizure of evidence during the search of Brown's apartment and the subsequent use of that evidence at trial is now available. *See Olmstead v. United States,* 55 F.3d 316, 319 (7th Cir. 1995); *Taylor v. United States,* 798 F.2d 271, 273 (7th Cir. 1986).

One of Brown's remaining § 2255 claims that he was denied the effective assistance of counsel, was not presented previously, and is appropriately considered here for the first time. *See Massaro v. United States,* 538 U.S. 500 (2003).

The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial." *Strickland v. Washington,* 466 U.S. 668, 684 (1984). For a petitioner to establish that her "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Id.* at 687. The Seventh Circuit has unequivocally stated that unsubstantiated and conclusory statements do not support ineffective assistance of counsel claims. *See, e.g., United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005). As *Turcotte* notes, a defendant bears the burden of proof and persuasion in establishing an ineffective assistance of counsel claim. *Id.* Brown has failed in this burden. The prejudice prong of the *Strickland* test requires showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *see also Bell v. Cone,* 535 U.S. 685, 697-98 (2002). It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Strickland,* 466 U.S. at 693. A petitioner must specifically explain how the outcome at trial would have been different absent counsel's ineffective assistance. *Berkey v. United States,* 318 F.3d 768, 773 (7th Cir. 2003). The record fully contradicts Brown's claim that he was not adequately represented in conjunction with the suppression issue, whether through cross-examination, investigation, or otherwise. His conclusory statements otherwise are sufficient to satisfy his burden of proof in this proceeding. *See United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991).

Brown also argues that he was denied the effective assistance of counsel in his direct appeal–again, concerning the suppression ruling. The standard for judging a claim of ineffective assistance of counsel is the same for both trial and appellate lawyers. *Matire v. Wainwright,* 811 F.2d 1430, 1435 (11th Cir. 1987). In the appellate counsel context, a showing of prejudice requires a showing that petitioner's claims would have succeeded on appeal. *See Smith v. Robbins,* 528 U.S. 259, 285-86 (2000); *McCleese v. United States,* 75 F.3d 1174, 1180 (7th Cir. 1996). No such showing is made here as to the ruling on the motion to suppress or any other actual or conceivable argument in the Court of Appeals.

Brown's final claim is that the sentence he received exceeded the statutory maximum without a corresponding and specific jury finding, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This is not the case. See 18 U.S.C. § 924(a)(2) (establishing a ten year maximum sentence for violations of § 922(g)(1)), which means that "*Apprendi* is beside the point." *Talbott v. Indiana,* 226 F.3d 866, 869 (7th Cir. 2000). There was no *Apprendi* error here. Even so, however, Brown's suggestion that his state court conviction for reckless homicide was not a "crime of violence" for purposes of applying USSG § 2K2.1(a)(4)(A) in this situation is absurd. See USSG § 4B1.2(a)(2) ("The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . involves conduct that presents a serious potential risk of physical injury to another.").

Relief pursuant to § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *Borre v. United States,* 940 F.2d 215, 217 (7th Cir. 1991). For the reasons explained above, Brown is not entitled to relief in this action. He has failed to demonstrate a constitutional violation warranting collateral relief. Accordingly, his motion for relief pursuant to § 2255 is **denied,** and this action must be **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date:   07/05/2005

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana